White v Turitz (2025 NY Slip Op 05758)

White v Turitz

2025 NY Slip Op 05758

Decided on October 16, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 16, 2025

Before: Kern, J.P., Scarpulla, Pitt-Burke, O'Neill Levy, Michael, JJ.

Index No. 805070/20|Appeal No. 4974|Case No. 2024-06287|

[*1]Melissa White, Plaintiff-Respondent,

v

Amy L. Turitz et al., Defendants-Appellants.

Barker Patterson Nichols, LLP, Valhalla (Adonaid C. Medina of counsel), for appellants.

The Jacob D. Fuchsberg Law Firm, LLP, New York (Eli A. Fuchsberg of counsel), for respondent.

Order, Supreme Court, New York County (Kathy J. King, J.), entered September 4, 2024, which, insofar as appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the medical malpractice claim, unanimously affirmed, without costs.

Defendants established entitlement to summary judgment through submission of the affirmation of an expert obstetrician/gynecologist. However, the affidavit of plaintiff's expert was sufficient to raise issues of fact precluding summary judgment (see generally Anyie B. v Bronx Lebanon Hosp., 128 AD3d 1, 3 [1st Dept 2015]).

Plaintiff's expert opined that, even if bowel perforation is a known risk of a Cesarean section, defendants departed from the standard of care by failing to "run the bowel" prior to closing up and relying instead on a purely visual inspection, especially in view of the observed abdominal adhesions. Plaintiff's expert further opined that defendants departed from the standard of care by failing to recognize the "classic signs and symptoms of a bowel enterotomy" that plaintiff exhibited postoperatively — including nausea and vomiting after two days, significant abdominal pain, and tachycardia — noting that the onset of fever may be delayed. This opinion that plaintiff exhibited signs and symptoms of bowel perforation while still admitted to defendant hospital was sufficient to raise issues of fact with respect to whether the perforation occurred during or after surgery.

Plaintiff's expert's opinion that the standard of care required running the bowel "did not improperly raise new theories of liability not addressed in the complaint or bill of particulars, but merely expounded upon the allegations in the bill of particulars" (Johnson v Harlem Hosp., 238 AD3d 412, 414 [1st Dept 2025] [internal quotation marks omitted]). At any rate, "a party may raise even a completely unpleaded issue on summary judgment so long as the other party is not taken by surprise and does not suffer prejudice" (Valenti v Camins, 95 AD3d 519, 522 [1st Dept 2012]). Here, there was no surprise because running the bowel was discussed at the depositions of at least two defendants.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: October 16, 2025